# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **ROBERT WEGNER, M.D.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 2:25-cv-02389 |
| **TENET PHYSICIAN RESOURCES,** ) | |
| **ST. FRANCIS PHYSICIAN NETWORK, LLC ,** ) | |
| **ST. FRANCIS HOSPITAL, and** ) | |
| **TENET HEALTHCARE CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Robert Wegner, M.D. ("Plaintiff"), by and through undersigned counsel, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, respectfully moves this Court for a Temporary Restraining Order and Preliminary Injunction against Defendants Tenet Physician Resources, St. Francis Physician Network, LLC, St. Francis Hospital, and Tenet Healthcare Corporation (collectively "Defendants") to halt ongoing and unlawful threats to patient safety and irreparable harm to Dr. Wegner's reputation and professional integrity.

In support of this Motion, Plaintiff states as follows:

1. Dr. Wegner has filed a Verified Complaint setting forth claims for whistleblower retaliation under the Emergency Medical Treatment and Labor Act (EMTALA), breach of contract, wrongful termination in violation of the Tennessee Public Protection Act (TPPA), tortious interference with business expectancy, defamation, and violations of Tennessee Code §63-7-123, all of which are incorporated herein by reference.

1

2. This Motion is supported by the facts set forth in the Verified Complaint, the accompanying Memorandum in Support, and the evidentiary materials appended thereto.

3. Plaintiff has demonstrated a substantial likelihood of success on the merits. Most notably, Dr. Wegner brings a claim for whistleblower retaliation under EMTALA, 42 U.S.C. §1395dd(i), which prohibits hospitals from penalizing or taking adverse action against physicians who refuse to engage in conduct that violates patient safety mandates. Defendants attempted to coerce Dr. Wegner into performing elective bariatric surgeries without adequate assurance of post-operative care—a clear violation of EMTALA. Dr. Wegner refused to comply, and was subsequently terminated in retaliation. See *Fotia v. Palmetto Behavioral Health*, 317 F. Supp. 2d 638, 643 (D.S.C. 2004).

4. The retaliation Dr. Wegner suffered also included abrupt termination of his contract under false pretenses, exclusion from transition-of-care planning, and reputational attacks through the circulation of false allegations among hospital staff. These acts of retaliation are further corroborated by statements from the ASMBS Ethics Committee and the MBSAQIP site reviewer.

5. Absent immediate injunctive relief, the public and public health as a whole will suffer immediate, irreparable harm to as Defendants continue to operate without a credentialed, fellowship-trained bariatric surgeon is in place.

6. Absent immediate injunctive relief, Dr. Wegner will continue to suffer irreparable harm, including damage to his professional reputation, interference with his ongoing physician-patient relationships, and the inability to lawfully or ethically ensure patient care for the thousands of individuals under his historic treatment.

7. Defendants have no lawful interest in continuing practices that place patients at risk, violate state and federal law, and disregard accreditation standards. The balance of hardships overwhelmingly favors Plaintiff.

8. Injunctive relief serves the public interest by ensuring that patients are not subjected to unsafe surgical practices and that hospitals comply with their legal and ethical obligations regarding credentialing, supervision, and continuity of care.

9. Plaintiff has attempted on multiple occasions to contact counsel for Defendant, clearly communicating the underlying dispute, the requested relief, and informed Defendant that it was planning on filing this motion if, as evidenced by this filing, no resolution was reached. (*See* Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.)

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order and Preliminary Injunction requiring Defendants to:

1. Halt all elective and transferred bariatric cases until a credentialed, fellowship-trained bariatric surgeon is in place;

2. Cease all post-operative care by unsupervised or unqualified personnel, including nurse practitioners operating without lawful physician oversight;

3. Issue a formal, institution-wide communication clarifying that Dr. Wegner is no longer practicing at St. Francis and must not be consulted under any circumstances;

4. Develop and disclose a transition-of-care plan, including the current supervising physician responsible for all bariatric patients;

5. Acknowledge and confirm compliance with the March 25 litigation hold notice.

Respectfully submitted,

/s *Alan G. Crone*

Alan G. Crone, Esq.
Crone Law Firm, PLC
88 Union Avenue, Floor 14
Memphis, TN 38103
acrone@cronelawfirmplc.com
(901) 737-7740
*Attorney for Plaintiff*